UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIS CARTER,

                Plaintiffs,

CASE NO. 5:11-CV-13454
JUDGE JOHN CORBETT O'MEARA
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

ERIC KIRKLIN,
OLD DOMINION TRUCK LEASING, INC.,
PRO FLEET TRANSPORT COMPANY,
TITAN INSURANCE COMPANY and
TITAN INDEMNITY COMPANY,

                Defendants,
_____/

**ORDER GRANTING AS UNOPPOSED THE JANUARY 25, 2012 MOTIONS (Doc. Entries 12 and 13) and CANCELLING HEARING SET FOR MONDAY, MARCH 5, 2012 (Doc. Ent. 15)**

**A.   Introduction**

Plaintiff Doris Carter filed this lawsuit on July 7, 2011 in state court against defendants Eric Kirklin; Old Dominion Truck Leasing, Inc.; Pro Fleet Transport Corporation; Titan Insurance Company; and Titan Indemnity Company, concerning an August 30, 2010 motor vehicle collision.  Doc. Ent. 1-1 ¶¶ 2-6; Doc. Ent. 1-1 ¶¶ 9-10; Case No. 11-008124-NI (Wayne County Circuit Court).  The causes of action include (I) negligence as to Kirklin; (II) negligence as to Old Dominion Truck Leasing, Inc.; (III) negligence as to Pro Fleet Transport Corporation; and (IV) a first party claim as to Titan Insurance Company and/or Titan Indemnity Company.  Doc. Ent. 1-1 ¶¶ 8-34.

On August 9, 2011, defendants Kirklin, Old Dominion Truck Leasing, Inc. and Pro Fleet Transport Company removed the case to this Court.  Doc. Entries 1 and 2; *see also* Doc. Ent. 1-2

(Answer). The same three defendants filed an amended notice of removal on September 1, 2011. Doc. Ent. 5.

**B.     Instant Motion**s

Currently before the Court are two motions filed on January 25, 2012: defendants Kirklin, Old Dominion Truck Leasing, Inc. and Pro Fleet Transport Company's motion for Dr. Maurice Potts to show cause for failing to provide complete records pursuant to a subpoena (Doc. Ent. 12) and defendants Kirklin, Old Dominion Truck Leasing, Inc. and Pro Fleet Transport Company's motion to compel signed authorization from plaintiff (Doc. Ent. 13).

Judge O'Meara referred these motions to me for hearing and determination. Doc. Ent. 14. A hearing was noticed for March 5, 2012. Doc. Ent. 15.

**C.     Discussion**

**1.**     Upon consideration, defendants' motions are granted as unopposed. "A respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Furthermore, "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B).

Therefore, any responses to the instant January 25, 2012 motions were due on or about Monday, February 13, 2012. Fed. R. Civ. P. 6(a), Fed. R. Civ. P. 6(d). To date, responses to these motions have not been filed.

**2.**     Attached to defendants' motions are (1) Doris Carter's October 7, 2011 authorization to Dr. Potts for release of medical/employment information, specifically "any/all records, including films & intake sheets, re: Doris Carter, from DOB to present[,]" Doc. Ent. 12-1 at 4; (2) a November 30, 2011 subpoena to Dr. Potts's custodian of records requiring production of

material by December 20, 2011, Doc. Ent. 12-1 at 3; and (3) an unexecuted WPS Authorization to permit use and disclosure of health information of "any/all insurance documents, paylogs, applications, etc., re:  Doris Carter from 1956 to present[,]" for the purpose of "legal review" from "WPS Medicare Part B (Freedom of Information Act) FOIA Officer[,]" Doc. Ent. 13-1 at 2.

**D.     Order**

Accordingly, the January 25, 2012 motions (Doc. Entries 12 and 13) are GRANTED AS UNOPPOSED.

Dr. Maurice Potts SHALL appear before this Court on Thursday, March 22, 2012 at 10 a.m. to show cause why this Court should not hold him in Contempt of Court for failing to produce the materials requested in Defendants' subpoena.  Defendants SHALL be responsible for serving a copy of this order on Dr. Potts and SHALL file a proof of service with the Court.

Plaintiff SHALL produce to the offices of Kopka, Pinkus, Dolin & Eads, P.L.C. within seven (7) days of the date of this Order a signed authorization for the release of records from Medicare Part B.

However, defendants' request for costs and attorney fees (Doc. Ent. 13 at 3) is denied without prejudice.  At this time, I conclude that an award of reasonable expenses is not warranted under Fed. R. Civ. P. 37(a)(5).

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: March 2, 2012

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of this document was sent to parties of record on March 2, 2012 by electronic and/or U.S. Mail.

S/Michael Williams
Relief Case Manager for the Honorable
Paul J. Komives

4